## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Justin Viveiros,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Resurgent Capital Services, L.P., and LVNV Funding, LLC,<br><br>Defendants. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Justin Viveiros brings this Class Action Complaint by and through his attorneys against Defendants Resurgent Capital Services ("Resurgent") and LVNV Funding, LLC ("LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Massachusetts consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Massachusetts, County of Bristol.

8.      Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address c/o Corporation Service Company 84 State Street, Suite 400, Boston MA 02109.

9.      Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address at Corporation Service Company, 84 State Street, Boston, MA 02109.

11.     Upon information and belief, Defendants LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

   a.   all individuals with addresses in the State of Massachusetts;

   b.   that disputed a consumer debt being collected by Defendants;

   c.   to whom Resurgent subsequently sent a letter on behalf of LVNV;

   d.   that included the 15 U.S.C. §1692g notices;

   e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

      b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

      c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats the above allegations as if set forth here.

22.     Some time prior to August 17, 2020, Plaintiff allegedly incurred an obligation to non-party Credit One Bank, N.A. ("Credit One").

23.     The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal credit.

24.     The alleged Credit One obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25.     Credit One is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26.     According to Defendants' letter, described below, the current owner of the Credit One debt is LVNV.

27.     LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28.     According to Defendants' letter, described below, Resurgent manages the alleged debt for LVNV.

29.     Resurgent collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – August 17, 2020 Collection Letter*

30.     Some time prior to August 17, 2020, Defendants sent Plaintiff an initial collection letter regarding the alleged debt.

31.     Pursuant to 15 U.S.C. §1692g, Plaintiff disputed the debt.

32.     Then, on or about August 17, 2020, Defendants sent Plaintiff another collection letter regarding the alleged debt.  See Letter attached as Exhibit A.

33.     The Letter acknowledged receipt of the Plaintiff's inquiry/dispute.

34.    The Letter also contained a statement of the notices required only in an initial communication by 15 U.S.C. § 1692g (a).

35.    Among the rights provided by 15 U.S.C. § 1692g (a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

36.    The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

37.    If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

38.    By stating that the consumer has an additional 30-day period in which he may dispute the debt, which is not accurate pursuant to 15 U.S.C. § 1692g (a), the Letter is misleading or unfairly confuses Plaintiff as to his rights.

39.    In addition, Defendants previously stated that Plaintiff had already disputed the debt, leaving Plaintiff in doubt if these rights enumerated in the Letter were in a fact a new offer.

40.    The Letter contradictorily states that it received Plaintiff's dispute/inquiry but then states that Plaintiff may dispute the debt.

41.    It is deceptive and misleading for Defendants to claim Plaintiff had yet another opportunity to dispute the debt, after previously stating he has already disputed it pursuant to the FDCPA.

42.    Plaintiff was misled as to his rights.

43.    Defendants' actions were false, deceptive, and/or misleading.

44.    Plaintiff was concerned and confused by the Letter.

45.     Plaintiff was therefore unable to evaluate his options of how to handle this debt.

46.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

47.     Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

48.     In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

49.     These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

50.     Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51.     Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

52.     Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

53.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

54.     As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55.  Plaintiff repeats the above allegations as if set forth here.

56.  Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

57.  Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58.  Defendants violated said section, as described above, by making a false or misleading representation, and misstating Plaintiff's rights enumerated in § 1692g, in violation of §§ 1692e, 1692e (2), and 1692e (10).

59.  By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

60.  Plaintiff repeats the above allegations as if set forth here.

61.  Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

62.  Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

63.  Defendants violated this section by unfairly misrepresenting Plaintiff's rights and misleading Plaintiff as to the proper course of action.

64.  By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et *seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

65.  Plaintiff repeats the above allegations as if set forth here.

66.  Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67.  Pursuant to 15 U.S.C. § 1692g an initial collection letter must contain certain notices, including that the debtor has thirty days to dispute the debt.

68.  Defendants violated 15 U.S.C. §1692g by misleading Plaintiff as to his rights, or overshadowing the required notices, as described above.

69.  By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Justin Viveiros, individually and on behalf of all others similarly situated, demands judgment from Defendants Resurgent and LVNV as follows:

a)  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Scott Bernstein, Esq., as Class Counsel;

b)  Awarding Plaintiff and the Class statutory damages;

c)      Awarding Plaintiff and the Class actual damages;

d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)      Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 12, 2021

Respectfully submitted,

**Skolnick Legal Group, P.C.**

s/ Scott Bernstein
By: Scott Bernstein, Esq.
103 Eisenhower Pkwy
Roseland, New Jersey 07068
(203) 246-2887
scott@skolnicklegalgroup.com

*Attorneys for Plaintiff*